IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SUSAN M. OSSELLO, ROBERT G. DRUMMOND, Chapter 13 Trustee, JESSE and HEATHER DIBBLEE, TODD and BARBARA FISHER, MARY ALICE HILDEBRAND, and CYNTHIA VITCOVICH,<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT ROCK FINANCIAL, INC., d/b/a World Law Debt; ORION PROCESSING, LLC, d/b/a World Law Processing; WORLD LAW DEBT SERVICES, LLC; WORLD LAW PROCESSING, LLC; GLOBAL CLIENT SOLUTIONS, LLC; GLOBAL HOLDINGS, LLC; BRADLEY HASKINS; ROBERT MERRICK; and MICHAEL HENDRIX,<br><br>Defendants. | CV 17-31-BU-DLC-JCL<br><br><br>FINDINGS & RECOMMENDATION and ORDER |

In March 2017, Defendants Global Client Solutions, LLC, Global Holdings,

LLC, Robert Merrick, and Michael Hendrix (collectively "Global Defendants")

removed this case from state court pursuant to 28 U.S.C. § 1441(a) based on

diversity jurisdiction.  The above named Plaintiffs have filed a motion to remand

pursuant to 28 U.S.C. § 1447(c), which should be granted for the reasons set forth

1

below.

## I.   <u>**Background**</u>

In September 2013, Discover Bank brought a collection action against Plaintiff Susan Ossello in Montana district court.  In June 2014, Ossello filed a third-party complaint against Global Client Solutions, Swift Rock Financial, Inc., and Orion Processing, LLC, alleging generally that the entities had "used deceptive and fraudulent representations to solicit her participation in an illegal debt settlement plan" and asserting several state law claims. *Global Client Solutions, LLC v. Ossello*, 367 P.3d 361, 364 (2016); (Doc. 1-1).  Swift Rock and Orion Processing failed to appear in the case, and in August 2014 the state court entered an order granting Ossello's motion for default.  (Doc. 1-2).

In the meantime, Global Client Solutions appeared in the action and filed a motion to compel arbitration.  The Montana district court denied the motion and Discover Bank appealed.  In July 2015, while that appeal was still pending, Bank of America instituted a separate collection action against Ossello in state court.  In October 2015, Osello filed a third-party complaint against Global Defendants, Swift Rock, Bradley Haskins, World Law Debt Services, LLC, and World Law Processing.  Swift Rock, Haskins, and the World Law entities never entered an appearance.

2

In March 2016 the Montana Supreme Court issued a decision affirming the state court's order denying the motion to compel arbitration. *Global Client Solutions*, 367 P.3d 361. After the Montana Supreme Court's decision in *Global Client Solutions*, the state court consolidated Discover Bank and Bank of America's collection actions and Ossello's third-party actions. (Doc. 1-8). In late 2016, Discover Bank and Bank of America settled their claims against Ossello. On December 13, 2016, Discover Bank and Bank of America were dismissed from the consolidated action, leaving Ossello's consolidated third-party action against Global Defendants and the various non-appearing defendants. (Docs. 1-9; 1-10; 1-11).

Approximately two months later, Osello moved for leave to file an Amended Complaint. The state court granted Ossello's motion, and on March 14, 2017, Ossello filed an Amended Complaint naming seven new Plaintiffs. (Docs. 1-13; 1-14). The Amended Complaint asserts state law claims on behalf of Ossello and each new Plaintiff for violation of the Montana Consumer Debt Management Services Act; violation of the Montana Consumer Protection Act; fraudulent misrepresentation and deceit; negligent misrepresentation; illegality, unconscionability and impermissible contract of adhesion; unjust enrichment; unauthorized practice of law; and civil conspiracy. (Doc. 1-14).

3

On March 24, 2017, Global Defendants filed a notice of removal invoking this Court's diversity jurisdiction. (Doc. 1).  Plaintiffs have filed a motion to remand pursuant to 28 U.S.C. § 1447(c) on the grounds that (1) Global Defendants were third party defendants in the state court action and have no right to remove; (2) the notice of removal was untimely, and (3) Global Defendants did not obtain consent from all defendants prior to removal.  Because Global Defendants did not file their notice of removal within one year of the commencement of the state court action, this case should be remanded.

## II.   <u>Legal Standards</u>

Under 28 U.S.C. § 1441(a), any "state-court action[] that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a strong presumption against removal jurisdiction, which means that the defendant always bears of the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.  The removing party must show both that there are grounds for federal jurisdiction and that it complied with the procedural requirements for

4

removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  If, at any time, the federal court finds that it lacks subject matter jurisdiction over a removed action, it must remand the case to state court.  28 U.S.C. § 1447(c). Remand may also be ordered based on defects in the removal procedure.  28 U.S.C. § 1447(c).

## III.  <u>Discussion</u>

The procedure for removing a case from state to federal court is set forth in 28 U.S.C. § 1446.  Section 1446(b) provides two thirty-day periods during which a case may be removed to federal court.  First, under § 1446(b)(1), a defendant has thirty days to file a notice of removal "after the receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1)  Second, under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Removal under § 1446(b)(3) is subject to the limitations set forth in subsection (c), which states that a case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless

the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).  The time limits for removal set forth in § 1446(b) are mandatory and must be strictly construed. *U.S. ex rel Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) (*cert denied* 423 U.S. 849 (1975)).

### A.    Original Defendant Rule

Plaintiffs first argue that regardless of these statutory time limits, Global Defendants had no right of removal under 28 U.S.C. § 1441 because they were third-party defendants in the state court action.  Plaintiffs cite *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) for the proposition that only an original defendant, that is, a defendant named in the pleading that commenced the action, may remove a case to federal court.  Under the original defendant rule, a party who is joined to an action "as a third-party defendant may not remove the case to federal court."  *Westwood Apex*, 644 F.3d at 807. Because Global Defendants were joined by Ossello as third-party defendants in the state court action, Plaintiffs take the position that they have no right to remove the case to federal court.

Global Defendants do not take issue with the well-established principle that third-party defendants have no right of removal.  In fact, Global Defendants agree

6

that because they were third-party defendants to Ossello's claims in the state court action, they could not have removed the case at that time. It was only when Ossello filed an Amended Complaint on March 14, 2017, adding seven new Plaintiffs that Global Defendants maintain they first had a right of removal. Essentially, Global Defendants take the position that the Amended Complaint marked the "commencement of the action" by the newly added Plaintiffs, and they are the original defendants with respect to those Plaintiffs and their claims. Defendants argue they timely removed that newly commenced action on March 24, 2017, less than thirty days later, and ask the Court to exercise supplemental jurisdiction over Ossello's claims.

Contrary to Plaintiffs' first argument, the original defendant rule as set forth in *Westwood Apex* does not necessarily mean that Global Defendants were without a right of removal. In fact, Plaintiffs read the rationale of *Westwood Apex* too broadly. But the Court need not resolve that issue. Rather, as discussed below, whether this case should be remanded instead turns on whether Defendants are correct that their notice of removal was timely because the Amended Complaint marked the "commencement of the action" for purposes of removal.

### B. Timeliness of Removal

Plaintiffs argue that removal is barred by the one year time limit set forth in

7

§ 1446(c)(1), pursuant to which a case that is initially unremovable but later

becomes removable based on diversity jurisdiction, may not be removed "more

than 1 year after commencement of the action" unless the plaintiff has acted in bad

faith to prevent removal.

It is undisputed that because Global Defendants were joined  as third-party

defendants, this case was not initially removable.  See *Westwood Apex*, 644 F.3d at

807. Defendants argue the case later became removable based on diversity

jurisdiction when Ossello filed her Amended Complaint on March 14, 2017,

adding several new plaintiffs.  Even assuming the case became removable at that

time, remand is nonetheless required under § 1446(c)(1) if more than one year

passed between the "commencement of the action" and the March 24, 2017

removal date.

When an action commences for purposes of removal is governed by state

law.  See *In re Expedia Hotel Taxes and Fees Litigation*, 377 F.Supp.2d 904, 906

(W.D. Wash. 2005); *Burkholder v. Asbestos Claim Management Corp.*, 2007 WL

2463307 *4  (D. Or. Aug. 28, 2007) (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d

683, 688 (9th Cir. 2005)). In Montana, "an action is commenced when the

complaint is filed."[1]  Mont. Code Ann. § 27-2-102(1)(b).  Under a straightforward

application of this principle, this action commenced in state court nearly four years

ago when the creditor plaintiffs filed their respective complaints against Ossello in

September 2013 and July 2015.

While application of Montana law suggests this action commenced as early

as September 2013 when the first creditor plaintiff filed its complaint, the parties

recognize there is authority indicating that an action commences for purposes of

triggering § 1446(c)'s one-year period when a third-party complaint is filed, not

when the original action is filed.  See *Yoder v. Williams*, 2016 WL 7165723 *2-3

(W.D. Mo. Sept. 8, 2016).  In fact, the parties accept for purposes of discussion

that Ossello's third-party complaints were the initial pleadings that commenced

the action against Global Defendants in June 2014 and October 2015 respectively.

Taking those filings as the commencement date,  Plaintiffs argue removal

was untimely under § 1446(c)(1) because Global Defendants did not file their

notice of removal until more than a year later, in March 2017.  According to

Global Defendants, however, because the Amended Complaint added several new

---

[1] The same is true under federal law, pursuant to which "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  Because federal and state law are the same, the analysis that follows would be no different if federal law controlled on this point.

plaintiffs, it effectively "commenced the action" for purposes of § 1446(b), thereby restarting the time limits for removal based on diversity jurisdiction. Global Defendants argue they timely removed the Amended Complaint ten days after it was filed, well within 30 days of its receipt and one year of commencement of the new action.

As framed by the parties, the question before the Court is whether the addition of new plaintiffs in an amended complaint effectively "commences the action" for purposes of § 1446(b), thereby triggering a new one-year period for removal.  With respect to the addition of new defendants, the clear weight of authority holds that the one-year period does not begin again, and the "commencement of the action" under § 1446(b) occurs when the original complaint is filed.  *See Lopez v. Robinson Aviation (RVA), Inc.*, 2010 WL 3584446 *4 (S.D. Fla. Apr. 21, 2010) (citing several cases).  Whether the same rule applies with addition of new plaintiffs, however, is less clear.

While it appears the Ninth Circuit has yet to consider the issue, several federal district courts have done so and reached different conclusions.  Some courts have held that a new action commences when new plaintiffs are added, thereby restarting § 1446(c)(1)'s one-year removal period.  See e.g. *Hill v. Ascent Assurance, Inc.*, 205 F.Supp. 606, 614-15 (N.D. Miss. 2002);  *Greene v. Mobil Oil*

10

*Corp.*, 66 F.Supp.2d 822, 824 (E.D. Tex. 1999); *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1363 (N.D. Ala. 1997).

In *Hill*, for example, the court distinguished those cases involving the dismissal or addition of new defendants.  The court found that adding new plaintiffs is fundamentally different from dismissing a defendant, in that the former affects when a cause of action commences, and the latter does not.  *Hill*, 205 F.Supp.2d at 615.   The *Hill* court held that an action "should be deemed to have commenced on the date that the amended complaint joining the additional plaintiffs was filed, rather than on the date of filing of the original complaint by the original plaintiff." *Hill*, 205 F.Supp.2d at 614.

A number of other courts have reached the opposite conclusion, however, and held that the addition of new plaintiffs does not "commence the action" for purposes of § 1446(b) and does not restart the one-year time limit for removal. See e.g., *Ardoin v. Stine Lumber Co.*, 298 F.Supp.2d 422, 425 (W.D. La. 2003); *Staggs v. Union Pacific Railroad Co.*, 2011 WL 335671 *2 (E.D. Ark. Jan. 28, 2011); *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F.Supp.2d 699 n. 12 (E.D. Va. 2004).

In *Ardoin*, the court specifically rejected the idea that "an action 'commences' for purposes of section 1446(b) whenever a new plaintiff is added to

11

a suit." *Ardoin*, 298 F.Supp.2d at 425.  Likewise, in *Staggs*, the court similarly

rejected the argument that the plaintiff's second amended complaint constituted an

initial pleading because it added a new plaintiff, and concluded that an action does

not "commence" for purposes of § 1446(b) whenever a new plaintiff is added to

the lawsuit.  *Staggs*, 2011 WL 335671 *2.  Recognizing that "a federal court must

honor state court rules governing commencement of civil actions when an action is

first brought in state court and then removed to federal court," the *Staggs* court

found it significant that under Alabama law, "a civil action is commenced by filing

a complaint." *Staggs*, 2011 WL 335671 *2.

The Court finds this latter group of cases more compelling.  Even assuming

Global Defendants are the original defendants as to some claims, the removal

statute speaks not in terms of commencement of claims by parties, but the

commencement of an action.  Simply put, there is no basis in the plain terms of the

statute "for interpreting the 'commencement' of the action as an event that takes

place every time a new plaintiff is joined." *US Airways, Inc. v. PMA Capital Ins.

Co.*, 340 F.Supp.2d 699 n. 12 (E.D. Va. 2004).  Here, as in *Staggs*, applicable state

law provides that a civil action is commenced by filing a complaint.  Mont. Code.

Ann. §27-2-102(1)(b). Strictly construing § 1446(b), and bearing in mind that

there is a presumption against federal jurisdiction which Global Defendants have

12

the burden of overcoming, the Court concludes that the addition of new plaintiffs in the Amended Complaint did not restart § 1446(c)(1)'s one-year period for removal.

Regardless of whether the action commenced under Montana law when the creditor plaintiffs filed their respective complaints against Ossello in September 2013 and July 2015, or when Ossello filed her third party complaints in June 2014 and September 2015, Global Defendants' notice of removal was untimely under § 1446(c)(1) because it was filed more than one year later.  Because Global Defendants did not remove the action within the one year period set forth in § 1466(c)(1), the case must be remanded unless Plaintiffs acted in bad faith to prevent removal.  Global Defendants do not argue that Plaintiffs acted in bad faith the and Courts finds no evidence that they did.

Defendants rely on *Barnett v. Sylacuagua Autoplex*,  973 F.Supp. 1358, 1365-68 (N.D. Ala. 1997) to support their argument that removal may be proper even if more than one year has elapsed from the filing of the original complaint. In *Barnett*, the court concluded that remand was proper under 1446(b) because an amended complaint adding new plaintiffs related back to the original complaint, suggesting that removal would have been permissible if there was no relation back, even though more than one year had elapsed from the filing of the

13

complaint.  *Barnett*, 973 F.Supp. at 1365-68.  But to hold that removal based on diversity jurisdiction is permissible more than one year after the commencement of the action so long as newly added claims in an amended complaint do not relate back to the claims set forth in the original complaint would be to circumvent the plain language of § 1446(b), which speaks not in terms of specific claims, but in terms of the "commencement of the action." Regardless of whether newly added claims in an amended complaint relate back to claims presented in the original complaint, § 1446(b) plainly bars a defendant from removing an action based on diversity jurisdiction more than one year after the action commenced unless the plaintiff acted in bad faith to prevent removal.

As discussed above, under Montana law this action commenced when the original creditor plaintiffs filed their respective complaints in September 2013 and July 2015, or at the latest when Ossello filed her third-party complaints in June 2014 and October 2015.  Regardless of the relation back doctrine, there is no authority under Montana law for the proposition that an action "commences" whenever a new plaintiff is added to a case by amending the complaint. Regardless of whether the newly added Plaintiffs' claims relate back to the claims set forth in the original complaint, removal is barred.

Because Global Defendants did not file their notice of removal within one

14

year of the commencement of the state court action, this case must be remanded to state court.  Having so concluded, the Court need not consider Plaintiffs' argument that Global Defendants failed to obtain consent from all defendants prior to removal.

In closing, the Plaintiffs seek an award of attorney fees and costs.  They claim the law on removal is clear, and accuse Global Defendants of removing the case in an attempt to avoid a sanction order entered by the state court on March 3, 2017.  Plaintiffs maintain that Global Defendants have "pulled improper removed stunts before" and argue their behavior demands "swift and severe sanctions."

Although they do not cite the statute, Plaintiffs are presumably seeking fees pursuant to 28 U.S.C. § 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   A court should award attorney's fees and costs under §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   While the Court agrees this case is subject to remand, Global Defendants had an objectively reasonable basis for seeking removal based on the addition of several new plaintiffs in the Amended Complaint. Plaintiffs' ad hominem arguments in support of their request for fees and costs are not

15

persuasive.  Plaintiffs request for attorney fees and costs should be denied accordingly.

## IV.  **Conclusion**

Because Global Defendants did not file their notice of removal within one year of the commencement of the state court action,

IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 14) be GRANTED.

Furthermore, IT IS ORDERED that Third Party Bank of America, N.A.'s Motion to Quash Subpoena (Doc. 29), Defendants' Global Client Solutions, LLC, Global Holdings, LLC, Robert Merrick, and Michael Hendrix's Motion for Protective Order and Confidentiality Order (Doc. 33) and Motion for Leave to File Amended Answers, Defenses, and Affirmative Defenses (Doc. 35) are DENIED AS MOOT, subject to renewal in the event presiding United States District Court Judge Dana L. Christensen does not adopt these Findings & Recommendation.

DATED this 27th day of July, 2017.

Jeremiah C. Lynch
United States Magistrate Judge