IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
OCT 26 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| SUSAN M. OSSELLO, ROBERT G. DRUMMOND, Chapter 13 Trustee, JESSE and HEATHER DIBBLEE, TODD and BARBARA FISHER, MARY ALICE HILDERBRAND, and CYNTHIA VITCOVICH,<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT ROCK FINANCIAL, INC., d/b/a World Law Debt; ORION PROCESSING, LLC, d/b/a World Law Processing; WORLD LAW DEBT SERVICES, LLC; WORLD LAW PROCESSING, LLC; GLOBAL CLIENT SOLUTIONS, LLC; GLOBAL HOLDINGS, LLC; BRADLEY HASKINS; ROBERT MERRICK; and MICHAEL HENDRIX,<br><br>Defendants. | CV 17–31–BU–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and

Recommendations in this case on July 27, 2017, recommending that Plaintiffs'

Motion to Remand (Doc. 14) be granted. (Doc. 48 at 16.) Defendants Global

Client Solutions, LLC, Global Holdings, LLC, Robert Merrick, and Michael

-1-

Hendrix (collectively "Global Defendants") timely filed an objection and are therefore entitled to de novo review of the specified findings and recommendations to which they have objected. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). For the reasons stated below, Judge Lynch's Findings and Recommendations are adopted in full.

## BACKGROUND

In September 2013, Discover Bank brought a collection action against Plaintiff Susan Ossello ("Ossello") in Montana district court. In June 2014, Ossello filed a third-party complaint against Global Client Solutions, Swift Rock Financial, Inc., and Orion Processing, LLC, alleging generally that the entities had "used deceptive and fraudulent representations to solicit her participation in an illegal debt settlement plan" and asserting several state law claims. *Global Client Solutions, LLC v. Ossello*, 367 P.3d 361, 364 (2016); (Doc. 1-1). Swift Rock and Orion Processing failed to appear in the case, and in August 2014 the state court

entered an order granting Ossello's motion for default. (Doc. 1-2.)

In the meantime, Global Client Solutions appeared in the action and filed a motion to compel arbitration. The Montana district court denied the motion and Discover Bank appealed. In July 2015, while that appeal was still pending, Bank of America instituted a separate collection action against Ossello in state court. In October 2015, Ossello filed a third-party complaint against Global Defendants, Swift Rock, Bradley Haskins, World Law Debt Services, LLC, and World Law Processing. Swift Rock, Haskins, and the World Law entities never entered an appearance.

In March 2016, the Montana Supreme Court issued a decision affirming the state court's order denying the motion to compel arbitration. *Global Client Solutions*, 367 P.3d 361. After the Montana Supreme Court's decision in *Global Client Solutions*, the state court consolidated Discover Bank and Bank of America's collection actions and Ossello's third-party actions. (Doc. 1-8.) In late 2016, Discover Bank and Bank of America settled their claims against Ossello. On December 13, 2016, Discover Bank and Bank of America were dismissed from the consolidation action, leaving Ossello's consolidated third-party action against Global Defendants and the various non-appearing defendants. (Docs. 1-9; 1-10; 1-11.)

Approximately two months later, Ossello moved for leave to file an Amended Complaint. The state court granted Ossello's motion, and on March 14, 2017, Ossello filed an Amended Complaint naming seven new Plaintiffs. (Docs. 1-13; 1-14.) The Amended Complaint asserts state law claims on behalf of Ossello and each new Plaintiff for violation of the Montana Consumer Debt Management Services Act; violation of the Montana Consumer Protection Act; fraudulent misrepresentation and deceit; negligent misrepresentation; illegality, unconscionability, and impermissible contract of adhesion; unjust enrichment; unauthorized practice of law; and civil conspiracy. (Doc. 1-14.)

On March 24, 2017, Global Defendants filed a notice of removal invoking this Court's diversity jurisdiction. (Doc. 1.) Plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1447(c) on the grounds that (1) Global Defendants were third party defendants in the state court action and have no right to remove; (2) the notice of removal was untimely; and (3) Global Defendants did not obtain consent from all defendants prior to removal.

## DISCUSSION

Under 28 U.S.C. § 1441(a), any "state-court action[] that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "removal

statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a strong presumption against removal jurisdiction, which means that the defendant always bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. The removing party must show both that there are grounds for federal jurisdiction and that it complied with the procedural requirements for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Remand may be ordered based upon defects in the removal procedure. 28 U.S.C. § 1447(c).

The procedure for removing a case from state to federal court is set forth in 28 U.S.C. § 1446 which provides two thirty-day periods during which a case may be removed to federal court. First, § 1446(b)(1) permits a defendant to file a notice of removal within thirty days of defendant's receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Second, § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable," a defendant may file notice of removal within thirty days of defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

has become removable." However, removal under § 1446(b)(3) based upon diversity jurisdiction may not occur "more than 1 year after commencement of the action," unless the plaintiff acted in bad faith in order to prevent removal. 28 U.S.C. § 1446(c).[1] "Commencement" for purposes of removal "refers to when the action was initiated in state court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).

Judge Lynch looked to Mont. Code Ann. § 27–2–102(1)(b) which states that "an action is commenced when the complaint is filed." The parties accepted for purposes of discussion that Ossello's third-party complaints were the initial pleadings which commenced the action against Global Defendants in June 2014 and October 2015, respectively. (Doc. 48 at 9.) Ossello filed an Amended Complaint naming seven new Plaintiffs on March 14, 2017. (Docs. 1-13; 1-14.) Global Defendants filed notice of removal on March 24, 2017. (Doc 1.) Global Defendants did not contest that they filed notice of removal more than one year after Ossello filed her third-party complaints. Instead, Global Defendants argued that the addition of new plaintiffs in the Amended Complaint effectively commenced the action anew for purposes of § 1446(b) and restarted the one-year

---

[1] Global Defendants have not asserted that Plaintiffs acted in bad faith and Judge Lynch found no evidence that they did. (Doc. 48 at 13.) Accordingly, this exception is not discussed.

-6-

clock in § 1446(c). (Doc. 48 at 9–10.) Defendants argued that when the claims asserted by new plaintiffs do not relate back to the original complaint, they effectively commence a new action. (*Id.* at 13–14.) Therefore, Global Defendants urge that the March 24, 2017, notice of removal was well within the thirty-day and one-year time limits of § 1446.

Recognizing that the Ninth Circuit has not yet considered the issue and that the federal district courts to have considered the question have reached different results, Judge Lynch found that the plain terms of the statute do not support finding that a case commences anew each time "a new plaintiff is joined." (Doc. 48 at 12 (quoting *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 707 n. 12 (E.D. Va. 2004).) Judge Lynch found that the plain language of § 1446(b) did not speak in terms of specific claims but only of "commencement of the action." Further, Judge Lynch found that "regardless of the relation back doctrine," there is no authority under Montana law to support the notion that an action "commences" whenever a new plaintiff is added by the amendment of a complaint. (Doc. 48 at 14.) Accordingly, Judge Lynch concluded that to apply the relation back doctrine to determine whether new plaintiff's claims commence a new action would "circumvent the plain language of § 1446(b)." Since Global Defendants filed their notice of removal over one year after Ossello filed her third-

party complaints, Judge Lynch found that removal was time-barred and recommended that the case be remanded to state court. (Doc. 48 at 14, 16.)

Global Defendants object to this specific finding and recommendation. (Doc. 51 at 10–11.) Because a state court will not have occasion to address removal directly, Global Defendants assert that the question must be resolved by analogy to commencement as interpreted by Montana's statute of limitations law. (*Id.* at 11–12.) Global Defendants assert that Judge Lynch cut his analysis short by applying a "bright-line" commencement rule after interpreting the language of Mont. Code Ann. § 27–2–102(1)(b) without delving into the entirety of Montana's statute of limitations law. (*Id.* at 12–13.) Global Defendants cite to and explain numerous Montana statute of limitations cases as support for their contention that,

> Distilled down, Montana law holds: the general rule that filing of a case constitutes commencement is subject to an exception that actions by or against later added parties are commenced when the party is added; and this exception is subject to further exceptions such as the relation-back doctrine or an on-going tort. Thus, in the case of a later added party, if no exception applies then the action is commenced when the party is added.

(*Id.* at 16–17.) Accordingly, Global Defendants urge that there is not a "rigid rule" of commencement in Montana and that the relation back doctrine applies in support of removal in this case. (Doc. 48 at 17.)

The Court is not convinced by Global Defendants' insistence that

-8-

"commencement" as interpreted by Montana's statute of limitations law is relevant in this matter. As Plaintiffs correctly point out, the underlying purpose of statute of limitations law is to ensure that defendants "have notice of the claims against them, an opportunity to prepare a reasonable defense, and are not subject to undue prejudice." (Doc. 52 at 20 (citing *Walstad v. Norwest Bank*, 783 P.2d 1325, 1327 (Mont. 1989).) Conversely, as the Supreme Court has noted, the one-year limitation on removal was promulgated to "reduce the opportunity for removal after substantial progress has been made in state court." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 n. 12 (1996) (quoting H.R. REP. No. 100-889, at 72 (1988)). The one-year limitation "addresses problems that arise from a change of parties as an action progresses toward trial in state court." H.R. Rep. No. 100-889, at 72 (1988). As the Supreme Court has indicated,

> In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information. No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action.

*Lewis*, 519 U.S. at 68–69 (citations and quotations omitted). The Ninth Circuit has determined that the one-year limitation only applies in the situation where the

case was "not originally removable." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998) (citing *Lewis.*, 519 U.S. at 75). The one-year limitation was intended to remedy "the anomalous situation where a change in the parties late in the litigation allows a party to remove for the first time." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3d Cir. 2003).

In this light, Montana statute of limitations law is neither analogous nor relevant. To entertain Global Defendants' argument that commencement may occur later if the new plaintiff's claims do not relate back to the original complaint would subvert the underlying policy behind the one-year limitation on removal by allowing the later-development of diversity jurisdiction to become grounds for removal. Further, as Judge Lynch concluded, such an interpretation would "circumvent the plain language of § 1446(b), which speaks not in terms of specific claims, but in terms of the 'commencement of the action.'" (Doc. 48 at 14.) To disregard the plain language of the Montana Rule of Civil Procedure and the plain language of § 1446 by treating the Amended Complaint as the "commencement of the action" would cause "unreasonable waste of judicial resources" which is what § 1446 was intended to prevent. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). Further, such an interpretation strays too far from the strict construction given the removal statute. *See Williams*, 482 U.S. at 392.

Montana Rule of Civil Procedure 3—entitled "Commencing An Action"—provides that "a civil action is commenced by filing a complaint with the court." In this case, Judge Lynch correctly concluded that the action commenced when Ossello filed her third-party complaints in 2014 and 2015,[2] well over a year before Global Defendants' notice of removal in 2017. Because the notice of removal was filed over one year from the commencement of the action, it was untimely under § 1446(c)(1). (Doc. 48 at 13.) Accordingly, this Court agrees with Judge Lynch that Global Defendants' notice of removal was untimely and the case will be remanded.[3]

As an additional matter, if the Court were to have "any doubts" concerning the remand issue, Global Defendants request the Court to "deny remand without prejudice and certify this matter for interlocutory appeal and permit application to the Ninth Circuit to appeal the Court's order." (Doc. 51 at 27.) This request is contrary to established law. As the Ninth Circuit has stated, "any doubt about the

---

[2] Since the time of filing of both the original creditor plaintiffs' complaints in 2013 and 2015 and the filing of Ossello's third-party complaints in 2014 and 2015 are well over one year from Global Defendants' notice of removal in 2017, the same result is reached regardless of the date used. For the sake of convenience, the Court will treat the filing of Ossello's third-party complaints as the initial pleadings.

[3] Because the Court does not find Global Defendants' statute of limitations analogy relevant, the Court need not address whether the new Plaintiffs' claims relate back to Ossello's original claims against Global Defendants.

right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. If there was any doubt, the Court should remand the case, not deny remand. Moreover, 28 U.S.C. § 1447(d) provides that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Therefore, the Court will not certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Lastly, Judge Lynch also recommended that Plaintiffs' request for attorney fees and costs should be denied. (Doc. 48 at 15–16.) No party objects to this specific finding and recommendation. Reviewing for clear error, this Court agrees with Judge Lynch's analysis and conclusion that attorney's fees and costs were not warranted because Global Defendants had an "objectively reasonable basis for seeking removal." (*Id.* at 15 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).)

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 48) are ADOPTED IN FULL and this case is REMANDED to the Second Judicial District for the State of Montana.

DATED this 26th day of October, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court